(71 Hun, 120.)

In re GOSS' ESTATE. In re TUTHILL. In re ROGERS.

(Supreme Court, General Term, Second Department. July 28, 1893.)

1. ADMINISTRATION—ASSETS—WHAT ARE.

Where a widow collects a debt due her deceased husband, the same belongs to decedent's estate, in the absence of a gift thereof to her by decedent.

2. SAME—LIFE INSURANCE—RIGHTS OF CREDITORS.

Laws 1870, c. 277, § 1, provides that a married woman may insure the life of her husband for her sole use, and that the insurance shall be payable to her free from the claims of the husband's creditors; but that, if the premium paid in any year out of the property of the husband exceeds $500, such exemption shall not apply to the excess of $500, but such excess shall inure to the benefit of the husband's creditors. *Held* that, where the wife paid the premiums of the insurance on the husband's life from her separate property, and the amount thereof was not repaid to her, no part of the insurance money is subject to the husband's debts as assets of his estate.

Appeal from surrogate's court, Richmond county.

Petition by Benjamin Tuthill for the judicial settlement of the account of Mary C. Rogers, administratrix of the estate of Guy C. Goss, deceased, and that the administratrix be required to pay a judgment which petitioner had recovered against decedent. From the decree entered, petitioner appeals. Affirmed in part.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Thos. J. Ritch, Jr., for appellant.
Calvin D. Van Name, for respondents.

BARNARD, P. J. Letters of administration were issued to Mary C. Rogers, a daughter of Guy C. Goss, by the surrogate of Richmond county, on the 11th day of June, 1890. The petitioner Benjamin Tuthill had recovered a judgment against the deceased, Guy C. Goss, in his lifetime, which remains unpaid. He petitions as a creditor for a settlement of the accounts of the administratrix, and that he be paid his judgment and claim. The administratrix answered that there was no property. Upon the trial before the surrogate the controversy was confined to three items, which the petitioner claimed should be held to be assets in the administratrix's hands. The deceased was an agent for the Donpart Company. He had a deposit as agent in the Seaboard Bank. He had a right to some $300 for his services out of this bank account. The expenses of the last sickness of deceased and his funeral expenses consumed this amount, and this fact is found by the surrogate. The deceased had in his lifetime procured a vessel contract for the

New England Shipbuilding Company of Bath, Me. The payment for the commission on this contract was not due at the death of Goss. He had been unable to pay the premiums on three life insurance policies for the benefit of his wife, and gave his notes for the premiums due in the early part of the year 1890. A few weeks before he became sick he received a letter from the company acknowledging the indebtedness. He gave this letter to his wife, with directions to collect the amount, and with it to pay the premium notes then given. The wife did collect the $500 after his death, and allowed the notes out of the policy, and kept the $500. A power of attorney could not last after death, and it is not found that the letter was the subject of a gift inter vivos or causa mortis. If the power to collect after death existed, it must be because the title to the account in some way passed to the wife, and the collection after death can be supported by the title in the wife. As the case stands, it is not clear. The proof is confined to the testimony of Mrs. Goss. As the testimony is returned, the item of $500 should be deemed assets, and the decree should be modified accordingly.

The third and remaining item is for a claim for premiums on life policies in excess of $500 in one year, under chapter 277, Laws 1870.[1] The deceased had procured three policies, each for $10,000. Two were made payable to his wife, and one was payable to the personal representative of Goss. This last policy was assigned to the wife in May, 1885. This assignment is found to have been made in good faith, and without fraud. The proof fails to show that $500 was paid for premiums in any one year out of the funds of the deceased. The wife had a separate estate, and she contributed to the premiums yearly out of her separate estate and property. These payments were never returned to her, and she never received any benefit from them except from the policies she received after her husband's death. It seems probable that after the assignment in 1885 he paid nothing. He then became involved, and gave up all his property to his creditors. No case is made in respect to this $10,000 assigned policy which should charge the administratrix with the amount of it. It was paid to the wife under a valid authority as between the widow and the company, and there is nothing in the case which would justify the administratrix in assailing the transfer. The decree of the surrogate should therefore be affirmed, except as to the $500, and as to that it should be modified by directing a new trial, so that proof may

[1]Section 1 of the chapter provides: "It shall be lawful for any married woman * * * to cause to be insured for her sole use, the life of her husband, * * * and * * * the sum or net amount of the insurance becoming due and payable by the terms of the insurance, shall be payable to her and for her own use, free from the claims of the representatives of the husband, or of any of his creditors. * * * But when the premium paid in any year out of the property or funds of the husband shall exceed $500 such exemption from such claims shall not apply to so much of said premium so paid as shall be in excess of $500, but such excess, with the interest thereon, shall inure to the benefit of his creditors."

be taken whether the claim was transferred to the wife; and, if there be no such proof given, then the administratrix should be directed to account for it as an asset. No costs to either party on this appeal. All concur.